# NORTHERN COMMERCIAL COMPANY v. OTTO SCHMALZBAUER.[1]

November 3, 1911.

Nos. 17,342—(50).

**Vacating judgment.**

Judgment by default was vacated, and subsequently judgment was again entered by default, after proof submitted by plaintiff. The amount was thereafter collected upon execution. *Held:* The motion to vacate the judgment was properly denied, no substantial excuse being made for defendant's repeated failures to defend. [Reporter.]

Action in the district court for Clay county to recover $160.50 for goods sold and delivered. The answer of Schmalzbauer alleged that on February 10, 1908, the Sioux Remedy Company induced him to allow it to place in his store a patent medicine; that in accordance with the agreement the patent medicine was shipped, but that when received it was in a damaged condition, and that there were no circulars as to the methods of using it; that on account of its condition it was unfit for display in the windows or on the shelves, and was wholly worthless to defendant and was immediatedly returned; that defendant was a foreigner by birth, unable to read or write the English language, and that if the Sioux Remedy Company had a contract as alleged, it was procured through fraud and was obtained for the purpose of cheating defendant out of the sum of $160.50. The reply specifically denied that defendant's signature was obtained by fraud. The history of the case is given in the opinion. After the entry of the second judgment for $48.50, defendant obtained an order to show cause why the judgment should not be vacated and defendant allowed to defend the action upon the merits. From an order, Taylor, J., entered February 14, 1911, in favor of plaintiff, defendant appealed upon questions of law and fact and the abused discretion of the district court. Affirmed.

*George H. Gerlich, Jr.,* and *Frederic A. Pike,* for appellant.

*E. E. Sharp* and *Turner & Murphy,* for respondent.

PER CURIAM.

This is an appeal from an order refusing to vacate a judgment entered against the appellant upon his default.

The record shows that May 20, 1910, judgment was entered in the action by default. The case was at the time regularly upon the calendar for trial. Upon

1 Reported in 132 N. W. 1135.

application of the defendant, the appellant herein, that judgment was vacated June 18, 1910, and it was directed that the case stand upon the calendar for trial. October 27, 1910, the case being regularly upon the calendar by said order, there being no appearance on the part of the defendant, judgment was ordered upon proof submitted by plaintiff in his favor against the defendant. At the request of attorneys claiming to represent the defendant, the entry of judgment was postponed for two weeks, when no further appearance having been made by defendant, judgment was entered in the case for the second time. Executions were issued upon the judgment, and under a second execution issued January 24, 1911, the sheriff collected the amount of the judgment. Two weeks thereafter the order appealed from was made, denying defendant's application to vacate the judgment. No substantial excuse is made for the repeated failures of the defendant to defend in the action. The motion to vacate the judgment is properly denied. Affirmed.